IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SAMUEL MAY,

       Plaintiff,

 v.

DENNIS BLASER, TERESA WETZSTEON,
PENNY KAPLANEK, and MARATHON COUNTY,
WISCONSIN,

       Defendants.

OPINION & ORDER

15-cv-470-jdp

---

 Plaintiff Samuel May has filed this federal suit to address what he perceives to be constitutional violations that occurred in the context of a criminal investigation. Plaintiff alleges that defendants lacked probable cause to arrest him and search his house. Plaintiff also alleges that prosecutors compounded these violations by pursuing criminal charges against him in state court.

 Defendants Dennis Blaser, Penny Kaplanek, and Marathon County, Wisconsin, have moved to dismiss. They principally contend that plaintiff has failed to state claims against them upon which relief can be granted. But defendants also contend that I must abstain because plaintiff's state-court criminal prosecutions are ongoing. I agree that abstention is required, and I will therefore grant their motions to dismiss in part. This case will be stayed and administratively closed, pending final resolution of plaintiff's criminal cases.

ALLEGATIONS OF FACT

 At this point, I must accept the complaint's well-pleaded factual allegations as true and draw all reasonable inferences from those allegations in plaintiff's favor. *Cincinnati Life*

*Ins. Co. v. Beyrer*, 722 F.3d 939, 946 (7th Cir. 2013). Thus, I draw the following facts from the allegations in plaintiff's initial complaint, Dkt. 1, and from the allegations in plaintiff's first amended complaint, Dkt. 26. I also draw facts from records and transcripts of state court proceedings that plaintiff refers to in his complaint, Dkt. 31-1, which I can consider without converting defendants' motions to dismiss into motions for summary judgment. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

Plaintiff encountered a woman on a dating website. After communicating electronically for about a month, they met at a restaurant in Wausau, Wisconsin. The night ended at plaintiff's house, where the two had sex. Sometime in the middle of the night, the woman left without saying anything to plaintiff.

The next morning, the woman went to a local hospital. She complained that she had been drugged the night before and that she had woken up to an unknown man having sex with her. Defendant Penny Kaplanek, a nurse, examined the woman. Kaplanek's report indicated that the woman did not have any physical injuries or torn clothing and that no toxicology test had been performed. Later that day, the woman met with defendant Dennis Blaser, a detective in the Marathon County Sheriff's Office. Blaser asked the woman to direct him to the house where she was sexually assaulted, but she was unable (or, as plaintiff alleges, unwilling) to do so.

Over the next few days, police officers interviewed the woman and tried to obtain information from her phone to identify her assailant. When the woman gave officers her phone, they discovered several deleted text messages, phone calls, and emails from plaintiff. The woman had also deleted plaintiff's contact information. When the officers confronted the woman, she admitted that she had met plaintiff on a dating website. The woman also

2

admitted that she had met plaintiff at a restaurant, but officers already knew this from reviewing the deleted information. The woman indicated that she did not know whether plaintiff was the man who had assaulted her.

On October 10, 2013, about 12 days after the incident, plaintiff awoke to Blaser and other officers knocking on his door. After confirming plaintiff's identify, Blaser asked plaintiff to step outside so that officers could search the house (Blaser had obtained a search warrant). Blaser also placed plaintiff under arrest. At the Marathon County jail, Blaser questioned plaintiff about his relationship with the woman, and plaintiff admitted to having sex with her. He denied any wrongdoing.

Plaintiff now has two pending criminal cases in the Wisconsin Circuit Court for Marathon County, both of which arose from the arrest that he is challenging in this case. Defendant Teresa Wetzsteon, a Marathon County assistant district attorney, is the prosecutor in both cases. In the first case, the state initially charged plaintiff with third-degree sexual assault, but it appears that this charge has since been dismissed on the prosecutor's motion. The remaining charges are for theft and resisting or obstructing an officer. In the second case, the state charged plaintiff with failing to register as a sex offender. At a preliminary hearing for both cases in January 2014, the state court found probable cause to bind plaintiff over for trial. Plaintiff filed several motions to dismiss, which the state court denied after an evidentiary hearing. Both cases are scheduled for jury trials to begin on June 1, 2016.

Plaintiff filed a complaint in this court on July 28, 2015, alleging that Blaser, Wetzsteon, Kaplanek, and Marathon County violated his constitutional rights. I have subject

matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, because plaintiff's claims arise under federal law.

ANALYSIS

Defendant Kaplanek has moved to dismiss the claims against her under Federal Rule of Civil Procedure 12(b)(6), Dkt. 12, and plaintiff has responded with a motion to amend his complaint, Dkt. 25. Blaser and Marathon County have also moved to dismiss the claims against them (either in the original complaint, or in the amended complaint if plaintiff is permitted to amend) under Rules 12(b)(1), 12(b)(5), and 12(b)(6). Dkt. 29. Finally, plaintiff has moved to strike Kaplanek's motion to dismiss. Dkt. 48.

The dispositive issue at this point in the case is abstention. After reviewing the parties' submissions, I conclude that I must abstain under *Younger v. Harris*, 401 U.S. 37 (1971). Because *Younger* abstention is appropriate, I will not address defendants' merits-based arguments for dismissal. *See Greening v. Moran*, 953 F.2d 301, 304 (7th Cir. 1992) ("[I]t is not appropriate to address the merits in a case to which *Younger* applies."). I will therefore deny plaintiff's motion to amend, grant defendants' motions to dismiss in part, and deny plaintiff's motion to strike. The end result will be that I will stay this case until the state courts resolve plaintiff's pending criminal proceedings.

A. **Plaintiff's motion to amend**

Before turning to the issue of abstention, I will briefly address plaintiff's motion to amend. "Under normal circumstances, the filing of an amended complaint renders moot any pending motion to dismiss." *Aqua Fin., Inc. v. Harvest King, Inc.*, No. 07-cv-015, 2007 WL 5404939, at *1 (W.D. Wis. Mar. 12, 2007). But plaintiff did not timely amend as of right

4

under Rule 15(a)(1) because he filed an amended complaint more than 21 days after being served with Kaplanek's motion to dismiss. I will therefore consider plaintiff's motion to amend under Rule 15(a)(2), which requires me to freely give leave to amend "when justice so requires."[1] I may deny a motion to amend when amendment would be futile, meaning that the proposed amended complaint could not survive a second motion to dismiss. *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015), *reh'g denied*, (Aug. 3, 2015).

Plaintiff's proposed amended complaint does not change the abstention analysis. Both complaints allege four causes of action: (1) false arrest and false imprisonment against defendants Blaser, Wetzsteon, and Marathon County; (2) malicious prosecution against Blaser, Wetzsteon, and Marathon County; (3) civil conspiracy against all defendants; and (4) unlawful search and seizure against Blaser. Both complaints also acknowledge that plaintiff is facing criminal charges as a result of the alleged false arrest, malicious prosecution, civil conspiracy, and unlawful search and seizure. These are the essential facts that give rise to *Younger* abstention. Thus, the proposed amended complaint would not overcome a renewed motion to dismiss. I will therefore deny plaintiff's motion to amend as futile.

B.  *Younger* **abstention**

Federal courts have a duty to hear and decide cases over which they have jurisdiction. *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 590 (2013). But they have an equally compelling duty to decline to take up matters over which they do not have jurisdiction. *Younger* abstention is a limit on federal jurisdiction: it prohibits federal courts from interfering in ongoing state criminal prosecutions, absent extraordinary circumstances. 401 U.S. at 43-

---

[1] Even if I construed plaintiff's amendment as timely under Rule 15(a)(1), the right to amend is not absolute. I would still evaluate whether the proposed amendments cure the defects in plaintiff's original complaint. *Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir. 1991).

46. "The rule in *Younger v. Harris* is designed to permit state courts to try state cases free from interference by federal courts." *Forty One News, Inc. v. County of Lake*, 491 F.3d 662, 665 (7th Cir. 2007) (citations and internal quotation marks omitted). The doctrine "ensures that individuals or entities who have violated state laws cannot seek refuge from enforcement of those laws behind the equitable powers of the federal courts." *Id.*

Plaintiff's suit is a prototypical *Younger* case: he is inviting federal intrusion into ongoing state criminal prosecutions. Plaintiff alleges that defendants Blaser, Wetzsteon, and Marathon County violated his constitutional rights by arresting him, searching his house, and bringing criminal charges against him. He principally contends that the woman's account of events was so implausible that he never should have been arrested, let alone bound over for trial. Plaintiff also alleges—albeit with scant details—that defendant Kaplanek conspired with others to violate his constitutional rights because she did not order a toxicology test, or because she ordered a toxicology test and then destroyed it. Plaintiff seeks monetary damages, a declaration that defendants have violated his constitutional rights, and an injunction prohibiting defendants from continuing to prosecute him.

Under *Younger*, "federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings. . . . [C]laims of damages resulting from illegal searches, seizures, and detentions meet that description: they involve constitutional issues that may be litigated during the course of [a] criminal case." *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). Thus, this and other district courts have routinely abstained from reviewing the types of challenges that plaintiff presents in this case while there are ongoing state criminal proceedings. *See, e.g., Harris v. Ruthenberg*, 62 F. Supp. 3d 793, 799 (N.D. Ill. 2014); *Brown v. Dane Cty. Madison Police*, No. 10-cv-651, 2011

WL 322673, at *3 (W.D. Wis. Feb. 1, 2011); *Lynch v. Nolan*, 598 F. Supp. 2d 900, 903 (C.D. Ill. 2009). This case requires abstention as well.

Plaintiff does not dispute that his suit interferes with a state criminal prosecution. But he has submitted a document entitled: "specific facts why Younger abstention doctrine should not apply," Dkt. 52, which I will construe to be an uninvited sur-reply. Plaintiff contends that I should not abstain under *Younger* because defendants have pursued criminal charges against him in bad faith.

"A plaintiff asserting bad faith prosecution as an exception to *Younger* abstention must allege specific facts [that] show that state prosecution was brought in bad faith for the purpose of retaliating for or deterring the exercise of constitutionally protected rights." *Collins v. Kendall County*, 807 F.2d 95, 98 (7th Cir. 1986); *see also Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975) ("'[B]ad faith' in this context generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction."). Here, plaintiff emphasizes that Wetzsteon eventually dropped the third-degree sexual assault charge for which the state court found probable cause to bind plaintiff over for trial. According to plaintiff, the fact that he is still being prosecuted for charges added in an amended information after the preliminary hearing (i.e., theft and obstruction of justice) is evidence of bad faith. Plaintiff also contends that the day after he filed this suit, Marathon County pressured the attorney who was representing plaintiff in the state court proceedings to withdraw, although the attorney has since re-appeared on plaintiff's behalf.

Even accepting plaintiff's assertions as true for purposes of analyzing defendants' motions to dismiss, plaintiff has not demonstrated bad faith or harassment that would overcome *Younger* abstention. Wisconsin is not prosecuting plaintiff under a facially

unconstitutional criminal statute, nor does plaintiff allege that he was exercising a constitutional right that led to a retaliatory arrest or prosecution. Plaintiff also has not alleged facts from which I could infer that prosecutors did not have, or do not now have, at least a reasonable expectation of conviction. This case is therefore distinguishable from cases that have applied the bad faith exception. *See, e.g.*, *Mulholland v. Marion Cty. Election Bd.*, 746 F.3d 811 (7th Cir. 2014) (election board enforced facially unconstitutional statute); *Torres v. Frias*, 68 F. Supp. 2d 935, 940 (N.D. Ill. 1999) (the plaintiff was subjected to multiple prosecutions under a political sign ordinance, obvious violations by other citizens were not punished, and the defendant had already sued plaintiff for libel). And although the state trial court has denied plaintiff's motions to dismiss, he can pursue his arguments about probable cause in the appellate courts if he is unsuccessful at trial. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987) ("[P]roper respect for the ability of state courts to resolve federal questions presented in state-court litigation mandates that the federal court stay its hand.").

      Plaintiff disputes that there was probable cause to arrest him and search his house. He further disputes that there was sufficient evidence to bind him over for trial. The state trial court expressed some sympathy for plaintiff's position, but it nevertheless allowed the case to proceed. *See* Dkt. 46, at 39-40. Now, plaintiff is essentially asking me to short circuit his state criminal proceedings by reviewing federal constitutional issues that the state courts have not yet definitively resolved. *Younger* prohibits such review. I will therefore grant defendants' motions to abstain until plaintiff's criminal proceedings—including direct appeals—have concluded.

## C. Stay

Because *Younger* applies, I may abstain by dismissing the suit or by staying it. *Majors v. Engelbrecht*, 149 F.3d 709, 714 (7th Cir. 1998). Defendants ask that I dismiss this case with prejudice, principally relying on their merits-based challenges to plaintiff's complaint. But "[t]he pivotal question in making this determination is whether any of the relief sought by the plaintiff in [his] federal action is unavailable in the state action." *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 600 (7th Cir. 2007). If so, then a stay is appropriate. *Id.*

Plaintiff seeks money damages and injunctive relief. *See* Dkt. 1, at 20. Damages would not be available to plaintiff in his criminal proceedings, and so a stay ensures that his claims do not become time-barred. *See Gakuba*, 711 F.3d at 753. This approach is consistent with Seventh Circuit precedent. *See Evans v. Poskon*, 603 F.3d 362, 363 (7th Cir. 2010) ("Instead of dismissing the § 1983 suit, the district judge should stay proceedings if the same issue may be resolved in the criminal prosecution (including a collateral attack).").

Plaintiff's criminal proceedings are a long way from being completely resolved in the state courts. I will therefore administratively close this case in the interim. Plaintiff may move to re-open it if he believes that the state courts have not adequately addressed his claims. Because I will not reach defendants' merits-based grounds for dismissal, they may renew these arguments if plaintiff re-opens the case. Likewise, I will not address the pending motions relating to plaintiff's expert disclosures. Dkt. 58; Dkt. 59; Dkt. 62. If plaintiff successfully moves to re-open this case after his state court proceedings have concluded, then I will set a new calendar for the remaining deadlines in this case (including deadlines for expert disclosures).

ORDER

IT IS ORDERED that:

1. Defendant Penny Kaplanek's motion to dismiss, Dkt. 12, and defendants Dennis Blaser and Marathon County's motion to dismiss, Dkt. 29, are both GRANTED in part and DENIED in part, without prejudice, as indicated above.

2. This case is STAYED, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), pending final resolution of plaintiff Samuel May's state criminal proceedings.

3. Plaintiff's motion for leave to amend his complaint, Dkt. 25, is DENIED.

4. Plaintiff's motion to strike, Dkt. 48, is DENIED.

5. The clerk of court is directed to administratively close this case.

Entered March 23, 2016.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge